2021R00610/JLH

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. (MCA) |
| v. | : | Crim. No. 22-522 |
| BRIAN ADJAVON, | : | 18 U.S.C. § 371 |
|   a/k/a "CarlosSlimm," | : | 18 U.S.C. § 1028A |
|   a/k/a "sasuforever," | : | 18 U.S.C. § 1349 |
| QUINTON SESSIONS, | : | 18 U.S.C. § 1956(h) |
|   a/k/a "Q Doggy Widda Hoodie," | : | |
| and | : | |
| GEORGE WIGGINS | : | |

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

### COUNT ONE
(Conspiracy to Possess and Receive Stolen Mail)

1. At all times relevant to Count One of this Indictment:

    a. Defendants BRIAN ADJAVON ("ADJAVON"), QUINTON SESSIONS ("SESSIONS"), and GEORGE WIGGINS ("WIGGINS"), were residents of the Bronx, New York.

2. From in or about August 2018 through in or about December 2019, in Essex County, in the District of New Jersey and elsewhere, the defendants,

**BRIAN ADJAVON,**
a/k/a "CarlosSlimm,"
a/k/a "sasuforever,"
**QUINTON SESSIONS,**
a/k/a "Q Doggy Widda Hoodie," and
**GEORGE WIGGINS,**

did knowingly and intentionally conspire and agree with each other and others to buy, receive, conceal, and unlawfully have in their possession, any letter, postal card, package, bag, and mail, and any article and thing contained therein, which has been so stolen, taken, embezzled, and abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, and abstracted, contrary to Title 18, United States Code, Section 1708.

### Goal of the Conspiracy

3. The goal of the conspiracy was for ADJAVON, SESSIONS, WIGGINS, and others (the "Mail Theft Co-Conspirators") to obtain money by stealing mail placed in collection boxes controlled by the United States Postal Service and personal mailboxes, removing checks from the stolen mail, and depositing the checks into bank accounts that the Mail Theft Co-Conspirators controlled.

### Manner and Means of the Conspiracy

4. The Mail Theft Co-Conspirators obtained access to United States Postal Service ("USPS") collection boxes by using USPS keys that the Mail Theft Co-Conspirators were not authorized to use.

5. The Mail Theft Co-Conspirators used the keys to open USPS collection boxes in the Newark, New Jersey area and stole undelivered United States mail from those boxes.

6. The Mail Theft Co-Conspirators also stole mail that was placed in individuals' personal mailboxes.

7. The Mail Theft Co-Conspirators opened the stolen mail, removed checks contained in the stolen mail, and altered the stolen checks to change the payee information and increase the amount of the checks.

8. The Mail Theft Co-Conspirators deposited the altered and stolen checks into bank accounts they controlled.

## Overt Acts

9. In furtherance of the conspiracy and to accomplish its unlawful object, the following overt acts, among others, were committed in the District of New Jersey and elsewhere:

   a. On or about August 8, 2018, a Mail Theft Co-Conspirator permitted ADJAVON to deposit into the Mail Theft Co-Conspirator's bank account a check that had been placed in, and stolen from, the mail from a collection box in the Newark, New Jersey area.

   b. On or about August 30, 2018, ADJAVON possessed a check that had been placed in, and stolen from, the mail.

   c. On or about August 30, 2018, ADJAVON deposited into a bank account a check that had been placed in, and stolen from, the mail.

   d. On or about September 12, 2018, ADJAVON possessed a check that had been placed in, and stolen from, the mail.

e. On or about September 12, 2018, ADJAVON deposited into a bank account a check that been placed in, and stolen from, the mail.

f. On or about September 26, 2018, SESSIONS exchanged messages with a Mail Theft Co-Conspirator in furtherance of the conspiracy. Specifically, SESSIONS instructed a Mail Theft Co-Conspirator that he would need to wait a few days instead of immediately trying to withdraw money from the Mail Theft Co-Conspirator's bank account so the stolen check could clear.

g. On or about October 23, 2018, ADJAVON possessed a check that had been placed in, and stolen from, the mail.

h. On or about October 23, 2018, ADJAVON deposited into a bank account a check that had been placed in, and stolen from, the mail.

i. On or about June 24, 2019, WIGGINS permitted to be deposited into his bank account a check that had been placed in, and stolen from, the mail.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
(Bank Fraud Conspiracy)

10. The allegations in paragraphs 1 and 4 through 9 of Count One of this Indictment are realleged here.

11. At all times relevant to Count Two of the Indictment:

    a. Victim Banks 1-11 (the "Victim Banks") were each federally insured "financial institutions," as that term is defined in Title 18, United States Code, Section 20.

12. From in or about January 2018 through in or about December 2019, in Essex County, in the District of New Jersey and elsewhere, the defendants,

**BRIAN ADJAVON,**
a/k/a "CarlosSlimm,"
a/k/a "sasuforever,"
**QUINTON SESSIONS,**
a/k/a "Q Doggy Widda Hoodie," and
**GEORGE WIGGINS,**

did knowingly and intentionally conspire and agree with each other and others to execute a scheme and artifice to obtain monies, funds, assets, and other property owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344(2).

Goal of the Conspiracy

13. The goal of the conspiracy was for ADJAVON, SESSIONS, WIGGINS, and others (the "Bank Fraud Co-Conspirators") to obtain money under the control of the Victim Banks by depositing stolen, altered checks into bank

accounts and transferring and withdrawing the money credited from these checks by the Victim Banks.

## Manner and Means of the Conspiracy

14. The Bank Fraud Co-Conspirators opened stolen mail, removed checks contained in the stolen mail, and altered the stolen checks to reflect a higher amount payable and to change the account for which the check was to be payable.

15. The Bank Fraud Co-Conspirators obtained counterfeited checks that appeared to be payable to accounts controlled by the Bank Fraud Co-Conspirators.

16. The Bank Fraud Co-Conspirators deposited the altered and stolen checks into bank accounts they controlled.

17. The Bank Fraud Co-Conspirators for their benefit withdrew in cash or transferred to other accounts money obtained by the counterfeited or altered checks.

All in violation of Title 18, United States Code, Section 1349.

## COUNT THREE
(Money Laundering Conspiracy)

18. The allegations in paragraphs 1 and 4 through 9 of Count One, and paragraphs 14 through 17 of Count Two, of this Indictment are realleged here.

19. At all times relevant to Count Three of the Indictment:

    a. "App-1" and "App-2" were applications that permitted users to electronically transfer money to and from linked bank accounts.

20. From in or about August 2018 through in or about December 2019, in Essex County, in the District of New Jersey and elsewhere, the defendants,

**BRIAN ADJAVON,**
a/k/a "CarlosSlimm,"
a/k/a "sasuforever," and
**QUINTON SESSIONS,**
a/k/a "Q Doggy Widda Hoodie,"

did knowingly and intentionally conspire and agree with each other and others to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, bank fraud, contrary to Title 18, United States Code, Section 1344, while knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Goal of the Conspiracy

21. The goal of the conspiracy was for ADJAVON, SESSIONS, and others (the "Money Laundering Co-Conspirators") to conduct financial transactions involving money obtained from fraudulently deposited checks to conceal and disguise that the money obtained by the Money Laundering Co-Conspirators was illegally obtained.

### Manner and Means of the Conspiracy

22. The Money Laundering Co-Conspirators used bank accounts controlled by other Money Laundering Co-Conspirators to deposit counterfeited and altered checks.

23. The Money Laundering Co-Conspirators withdrew and transferred the money illegally obtained from counterfeited and altered checks to other financial accounts controlled by the Money Laundering Co-Conspirators, including by using App-1 and App-2.

In violation of Title 18, United States Code, Section 1956(h).

## COUNTS FOUR THROUGH SIX
(Aggravated Identity Theft)

24. The allegations in paragraphs 1 and 4 through 9 of Count One, paragraphs 14 through 17 of Count Two, and paragraphs 19 and 21 through 23 of Count Three, of this Indictment are realleged here.

25. On or about the following dates in the District of New Jersey, and elsewhere, the defendant,

**BRIAN ADJAVON,**
a/k/a "CarlosSlimm,"
a/k/a "sasuforever,"

did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, bank fraud conspiracy contrary to Title 18, United States Code, Section 1349, as set forth in Count Two of the Indictment, knowing that the means of identification belonged to another actual person:

| Count | Means of Identification | Approximate Date |
|---|---|---|
| 4 | ADJAVON possessed and used another person's bank ATM card and personal identification number ("PIN") to deposit a stolen, altered check into the other person's bank account. | August 8, 2018 |
| 5 | ADJAVON possessed and used another person's Bank ATM card and PIN to deposit a stolen, altered check into the other person's bank account. | August 13, 2018 |
| 6 | ADJAVON possessed and used another person's Bank ATM card and PIN to deposit a stolen, altered check into the other person's bank account. | October 23, 2018 |

Each in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2

## FORFEITURE ALLEGATIONS

### FORFEITURE ALLEGATION AS TO COUNT ONE
(Conspiracy to Possess and Receive Stolen Mail)

1. Upon conviction of the offense of conspiracy to possess and receive stolen mail charged in Count One of this Indictment, defendants BRIAN ADJAVON, QUINTON SESSIONS, and GEORGE WIGGINS shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, the respective defendants obtained that constitutes or is derived from proceeds traceable to the commission of such offense, and all property traceable to such property.

### FORFEITURE ALLEGATION AS TO COUNT TWO
(Bank Fraud Conspiracy)

2. Upon conviction of the bank fraud offense charged in Count Two of this Indictment, defendants BRIAN ADJAVON, QUINTON SESSIONS, and GEORGE WIGGINS shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), all property, real and personal, that constitutes or is derived from proceeds the respective defendants obtained directly or indirectly as a result of such offense, and all property traceable to such property.

### FORFEITURE ALLEGATION AS TO COUNT THREE
(Money Laundering Conspiracy)

3. Upon conviction of the money laundering conspiracy offense in violation of 18 U.S.C. § 1956(c)(7) charged in Count Three of this Indictment, defendants BRIAN ADJAVON and QUINTON SESSIONS shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal,

involved in the money laundering offense, and all property traceable to such property.

**Substitute Assets Provision**
**(Applicable to All Forfeiture Allegations)**

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

VIKAS KHANNA
Attorney for the United States
Acting Under Authority of
28 U.S.C. § 515

12

CASE NUMBER: 22-522(MCA)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

BRIAN ADJAVON,
QUINTON SESSIONS, and
GEORGE WIGGINS

## INDICTMENT FOR

18 U.S.C. § 371
18 U.S.C. § 1028A
18 U.S.C. § 1349
18 U.S.C. § 1956

A True Bill,

_____

For ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

VIKAS KHANNA
ATTORNEY FOR THE UNITED STATES
FOR THE DISTRICT OF NEW JERSEY
ACTING UNDER THE AUTHORITY OF
28 U.S.C. § 515

JAMIE L. HOXIE
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973 645 2791